IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GERALD DEPRIEST,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) Civil No. 15-cv-1056-JPG-CJP |
| **CAROLYN W. COLVIN,** **Acting Commissioner of Social Security,** | ) ) ) ) |
| **Defendant.** | ) ) ) |

## **MEMORANDUM and ORDER**

**GILBERT, District Judge:**

This matter is now before the Court on the defendant's Motion to Remand to Agency. (Doc. 29).

The parties have been unable to reach an agreement as to the terms under which this case should be remanded. Plaintiff does not oppose a remand but states that the Commissioner should concede error and provide guidance to the Administrative Law Judge ("ALJ") as to why the analysis must be different when remanded.

The Commissioner argues that the remand should provide the opportunity for a new hearing and to submit additional evidence and arguments. She also states that the ALJ should reassess medical opinion evidence; reassess plaintiff's residual functional capacity ("RFC") and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations; assess the materiality of plaintiff's drug abuse or alcoholism; if necessary obtain supplemental evidence from a vocational expert; and issue a new decision.

Plaintiff states that the matters set forth in his opening brief should provide the basis for the remand. These issues are whether the ALJ erred in forming her limitations regarding

1

concentration, persistence, or pace; in assessing the opinion of the state agency reviewing physician; in determining plaintiff's capacity for detailed work; in assessing the available jobs in the region; in weighing the opinions of the treating physician; in considering the treating specialist's evidence; and in assessing plaintiff's claims of fatigue and his need to nap.

Plaintiff essentially argues the ALJ should review the same points that the Commissioner recommends but in a more detailed manner. Therefore, this Court will incorporate the arguments from both parties and state that the case should be remanded for the reasons outlined below.

First, the ALJ should reassess the medical opinion evidence. In doing so, the ALJ should focus on assessing the opinion of the state agency reviewing physician, weighing the opinions of plaintiff's treating physician, and properly assessing the treating specialist's evidence. Additionally, the ALJ should assess the impact the state agency reviewing physician's opinions have on plaintiff's vocational limitations.

Second, the ALJ should reassess plaintiff's RFC and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations. If the ALJ finds plaintiff has limitation in concentration, persistence, or pace, this should be included in the work restrictions portion of the RFC assessment. The ALJ should follow applicable Seventh Circuit case law in forming this assessment. Further, the ALJ should look specifically at plaintiff's limitations regarding detailed work, fatigue, and his need to nap.

Third, if necessary, the ALJ should obtain supplemental evidence from a vocational expert. When the vocational expert testifies, the ALJ should ensure the jobs in the region are appropriately assessed. Fourth, the ALJ should assess the materiality of plaintiff's drug abuse and alcoholism. Finally, the ALJ should issue a new decision.

Plaintiff states that the procedural statutes in the Social Security Act do not allow for

many of these issues to be heard unless the motion for remand is filed before the Commissioner files her answer. Here, the Commissioner filed the motion for remand after she filed her answer. However, there are two types of motions to remand under 42 U.S.C. § 405(g): a sentence six remand and a sentence four remand. A sentence six remand provides that "[t]he Court may, on motion of the Commissioner made for good cause shown ***before*** she files her answer, remand the case to the Commissioner for further action by the Commissioner." *See Melkonyan v. Sullivan*, 501 U.S. 89, 101 n.2 (1991)(emphasis added); *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993).

A sentence six remand occurs when procedural difficulties, such as an inaudible hearing tape, incomplete record, or a lost file, necessitate a request for remand by the Commissioner. The joint conference committee of Congress in reporting upon the Social Security Disability Amendments of 1980 (to the Social Security Act) intended that such procedural defects be considered "good cause" for remand.

A sentence four remand depends upon a finding of error, and is itself a final, appealable order. *See Melkonyan*, 501 U.S. at 98; *Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 978 (7th Cir. 1999). A sentence four remand may occur after the Commissioner files her answer, and upon a sentence four remand, judgment should be entered in favor of plaintiff. *Schaefer v. Shalala*, 509 U.S. 292, 302-03 (1993). The case at hand involves a sentence four remand. As such, plaintiff's contention that the filing of the Commissioner's answer makes her unable to file a motion for remand is flawed.

Here, the Court finds error with the ALJ's opinion. Therefore, the Commissioner's Motion to Remand (Doc. 29) is **GRANTED**.

The final decision of the Commissioner of Social Security denying Gerald Depriest's application for social security benefits is **REVERSED** and **REMANDED** to the Commissioner

for rehearing and reconsideration of the evidence, pursuant to four of 42 U.S.C. §405(g).

    The Clerk of Court is directed to enter judgment in favor of plaintiff.

**IT IS SO ORDERED.**
**DATED:  November 21, 2016.**

                                    s/ J. Phil Gilbert
                                    **J. PHIL GILBERT**
                                    **DISTRICT JUDGE**